UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IMPULSE TECHNOLOGY LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>NINTENDO OF AMERICA INC.; ELECTRONIC ARTS, INC.; UBISOFT, INC.; THQ INC.; KONAMI DIGITAL ENTERTAINMENT, INC.; MAJESCO ENTERTAINMENT COMPANY; NAMCO BANDAI GAMES AMERICA INC.,<br><br>    Defendants. | Civil Action No. 1:11-cv-02519-JG<br><br>HON. JUDGE GWIN |

## JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT

Pursuant to the Court's Order dated March 23, 2012 (Dkt. No. 79) and L.P.R. 4.5, the Parties hereby respectfully submit the following Joint Claim Construction and Pre-hearing Statement.

**I.    THE PARTIES' AGREED UPON CONSTRUCTIONS**

    A.    "sensor means for sensing a motion of a user"

| Claim Term | Agree Upon Construction |
|---|---|
| sensor means for sensing a motion of a user | Function: sensing a motion of a user<br><br>Structure: sensor 10 |

    B.    "converter means for creating a signal indicative of said motion"

| Claim Term | Agree Upon Construction |
|---|---|
| converter means for creating a signal indicative of said motion of said user | Function: creating a signal indicative of said motion of said user<br><br>Structure: a voltage-to-frequency converter or encoder (within item 10 in Figure 2) |

C. **"display means for displaying an indication of said level of physiological exertion of said user"**

| Claim Term | Agree Upon Construction |
|---|---|
| display means for displaying an indication of said level of physiological exertion of said user | Function: displaying an indication of said level of physiological exertion of said user<br><br>Structure: video display 20 |

D. **"means for affixing said sensor means to a limb of said user"**

| Claim Term | Agree Upon Construction |
|---|---|
| means for affixing said sensor means to a limb of said user | Function: affixing said sensor means to a limb of said user<br><br>Structure: a strap |

E. **"transmitter means for transmitting said signal"**

| Claim Term | Agree Upon Construction |
|---|---|
| transmitter means for transmitting said signal | Function: transmitting said signal<br><br>Structure: an infrared, acoustic, or radio transmitter |

F. **"displaying an indication of said level of physiological exertion of said user"**

| Claim Term | Agree Upon Construction |
|---|---|
| displaying an indication of said level of physiological exertion of said user | The Parties agree that the Court does not need to construe this term separately, but that should the Court apply Defendants' construction for the term "level of physiological exertion," the definition for "displaying an indication of said level of physiological exertion of said user" will be "displaying a numerical rate representing the rate of energy expenditure or calories burned per unit time" |

G. **"signal"**

| Claim Term | Agree Upon Construction |
|---|---|
| signal | an electrical quantity, such as voltage, current, or frequency, that conveys information |

2

## II. PROPOSED CONSTRUCTIONS OF DISPUTED TERMS

### A. "system for measuring physiological exertion"

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| system for measuring physiological exertion | No construction necessary | system that accurately quantifies physiological exertion |
| Intrinsic Evidence | '637 patent, Abstract; col. 1, lines 7-35; col. 2, lines 23-58; col. 3, lines 3-61; col. 4, lines 9-15; col. 4, line 27 – col. 8, line 53; col. 10, lines 9-45; col. 11, lines 11-18; Figs. 1-4 | '637 patent, col. 1, lines 7-8; col. 1, lines 11-14; col. 2, lines 3-6; col. 2, lines 42-44; col. 2, lines 44-46; col. 2, lines 51-54; col. 2, lines 60-61; col. 3, lines 10-12; col. 3, lines 31-34; col. 5, lines 26-27; col. 5, lines 30-35; col. 7, lines 8-9; col. 8, lines 20-21; col. 8, lines 36-39; col. 9, lines 60-63; col. 10, lines 9-12; col. 10, lines 18-20; col. 10, line 66 – col. 11, line 2. |
| Extrinsic Evidence | June 28, 2012 Declaration of Edward L. Gussin ("Gussin Opening Decl."), ¶¶ 14-19, 28, 33-35, 38-43, 53-62<br><br>July 13, 2012 Rebuttal Declaration of Edward L. Gussin ("Gussin Rebuttal Decl."), ¶¶ 11-24<br><br>July 31, 2012 Deposition of Edward L. Gussin ("Gussin Depo."), 36:8-23; 38:25-45:10; 48:21-59:20; 60:10-87:3; 87:17-98:14; 99:3-131:6; 142:10-144:24<br><br>June 28, 2012 Declaration of Robert Howe (Howe Opening Decl."), ¶¶ 8-28<br><br>July 13, 2012 Rebuttal Declaration of Robert Howe ("Howe Rebuttal Decl."), ¶¶ | Opinion testimony of Gordon G. Blackburn.<br><br>Rebuttal Report of Gordon Blackburn re: Claim Construction of U.S. Patent No. 5,524,637 |

3

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | 3-11 August 6, 2012 Deposition of Robert Howe ("Howe Depo."), 35:17-55:8 July 13, 2012 Rebuttal Report of Gordon Blackburn ("Blackburn Rebuttal Report"), ¶¶ 1-5, 7-16, 19-104 August 1, 2012 Deposition of Gordon Blackburn ("Blackburn Depo."), 14:16-17:16; 76:8-144:12 July 13, 2012 Rebuttal Report of Garry E. Kitchen ("Kitchen Rebuttal Report"), ¶¶ 2-9, 15-16, 18, 28-31, 34-38, 51-54, 64-66 August 3, 2012 Deposition of Garry E. Kitchen ("Kitchen Depo."), 34:7-37:12; 47:5-136:8 Webster's New World Dictionary Third College Edition, 1991, pages 476, 839, 1020 | |

B.    "level of physiological exertion"

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| level of physiological exertion | No construction necessary | rate of energy expenditure or calories burned per unit time |
| Intrinsic Evidence | '637 patent, Abstract; col. 1, lines 19-35; col. 1, line 62 – col. 2, line 21; col. 2, lines 51-58; col. 3, line 3 – col. 7, line 15; col. 7, line 61 – col. 9, line 2; Figs. 1-4 | '637 patent, col. 3, line 64 – col. 4, line 2; col. 4, lines 17-26; col. 4, lines 38-42; col. 6, lines 42-47; col. 7, line 61 – col. 8, line 1; col. 8, lines 27-30; col. 12, lines 32-45 |

4

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | '637 patent file history, Non-Final Rejection, dated February 7, 1995<br><br>'637 patent file history, Applicant's Response to Non-Final Rejection, dated May 8, 1995 | (claims 18-20)<br><br>'637 Prosecution History, Amendment A (received May 11, 1995) at 3.<br><br>'637 patent Prosecution History, Office Action, dated February 7, 1995, including cited patents, and corresponding response of Jon W. Erickson, dated May 8, 1995 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 33-35, 38-43, 53-62<br><br>Gussin Rebuttal Decl., ¶¶ 11-24<br><br>Gussin Depo., 36:8-23; 38:25-45:10; 48:21-59:20; 60:10-87:3; 87:17-98:14; 99:3-131:6; 142:10-144:24<br><br>Howe Opening Decl., ¶¶ 8-28<br><br>Howe Rebuttal Decl., ¶¶ 3-11<br><br>Howe Depo., 35:17-55:8<br><br>Blackburn Rebuttal Report, ¶¶ 1-5, 7-16, 19-104<br><br>Blackburn Depo., 14:16-17:16; 76:8-144:12<br><br>Kitchen Rebuttal Report, ¶¶ 2-9, 15-16, 18, 28-31, 34-38, 51-54, 64-66<br><br>Kitchen Depo., 34:7-37:12; 47:5-136:8<br><br>Webster's New World | Deposition testimony of Edward L. Gussin, July 31, 2012 (including 87:17-96:20, 107:13-108:21, 113:3-115:23). |

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | Dictionary Third College Edition, 1991, pages 476, 776, 1020 | |
| | Webster's II New Riverside University Dictionary, 1988, page 887 | |

### C. "pressure sensor"

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| pressure sensor | A device for measuring the amount of force applied to it | This term should be given its plain and ordinary meaning. |
| Intrinsic Evidence | '637 patent, Abstract; col. 1, lines 37-61; col. 2, lines 23-36, 51-67; col. 7, lines 41-60; col. 8, line 4-9; col. 8, line 17 – col. 9, line 2; Fig. 3 | '637 patent, col. 1, lines 45-47; col. 1, lines 55-61; col. 2, lines 59-64; col. 8, lines 19-20 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 46-47, 49-52<br><br>Gussin Depo., 37:18-38:24; 133:21-138:11<br><br>Howe Opening Decl., ¶¶ 9, 13-14, 19<br><br>Howe Rebuttal Decl., ¶¶ 12-13<br><br>Howe Depo., 94:9-108:9<br><br>Blackburn Depo., 56:19-58:7<br><br>Kitchen Rebuttal Report, ¶ 34<br><br>Kitchen Depo., 31:2-10 | Rebuttal Declaration of Robert D. Howe, Ph.D. re: Claim Construction of U.S. Patent No. 5,524,637<br><br>Deposition testimony of Edward L. Gussin, July 31, 2012 (including 37:19-38:24, 133:21-138:11)<br><br>Declaration of Edward L. Gussin re: Claim Construction of U.S. Patent No. 5,524,637 |

### D. "receiver means for receiving said signal"

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| receiver means for receiving said signal | Function: receiving said signal | Function: receiving said signal |

6

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | Structure: an infrared, acoustic or radio receiver (such as infrared light receiver depicted in item 14 of Figure 2) | Structure: an infrared receiver |
| Intrinsic Evidence | '637 patent, Abstract; col. 1, lines 42-47; col. 2, lines 23-36; col. 2, line 51 – col. 3, line 2; col. 7, line 18 – col. 9, line 2; col. 10, line 65 – col. 11, line 18; Figs. 1-4 | '637 patent, Figure 2 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 36-37, 46-47, 49-52<br><br>Gussin Depo., 36:8-23; 37:19-38:24; 41:24-45:10; 60:10-87:3; 109:13-113:2; 133:21-138:11<br><br>Howe Opening Report, ¶¶ 8-11, 13-14, 18-21, 27-28<br><br>Howe Rebuttal Report, ¶¶ 7-8, 10<br><br>Howe Depo., 41:8-42:7; 73:14-79:22; 94:9-108:9<br><br>Blackburn Rebuttal Report, ¶¶ 10, 23, 27, 44, 56, 68-70<br><br>Blackburn Depo., 135:16-138:17<br><br>Kitchen Rebuttal Report, ¶¶ 18, 21-22, 33-38, 46<br><br>Kitchen Depo., 34:7-37:12; 47:5-136:8<br><br>U.S. Patent Nos. 5,357,696; | None |

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | 5,453,758; and 5,527,239<br><br>The Information Age Dictionary, 1992, pages 3, 141, 235-236, 239<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms, 5th Edition, 1994, pages 21, 1015, 1637, 1643, 1661 | |

E. "correlation means for correlating said signal indicative of said motion of said user with a level of physiological exertion of said user"

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| correlation means for correlating said signal indicative of said motion of said user with a level of physiological exertion of said user | Function: correlating said signal indicative of said motion of said user with a level of physiological exertion of said user<br><br>Structure: a computer implementing an algorithm comprising (1) using a signal indicative of motion of the user to determine a performance level of the user in a given activity; and (2) calculating the exertion level for an average person at the determined performance level and the adjustments or corrections corresponding to deviations from the average in the most significant physiological parameters (such as weight, height, age, gender, and conditioning or training) | Function: correlating said signal indicative of said motion of said user with a level of physiological exertion of said user<br><br>Structure: The specification does not disclose sufficient structure. This claim limitation is thus indefinite.*<br><br>Corresponding structure must include a special purpose computer implementing an algorithm sufficient to perform the claimed function. The description cited by Impulse of the '637 patent is not an algorithm, at least in that it does not provide for determining "step height" and "stepping rate." As such, the claim limitation is indefinite.<br><br>* Defendants Electronic Arts, Majesco, Ubisoft, Konami, and THQ contend that to the extent that the specification discloses any algorithmic |

8

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | | structure for performing the function, the best candidate for algorithmic structure for performing the function is disclosed at 5:43-6:31. Defendant Nintendo does not believe that there is any algorithm disclosed in the '637 patent for "correlating said signal indicative of said motion of said user with a level of physiological exertion of said user," as required to provide corresponding structure, thus rendering the "means for correlating" indefinite. |
| Intrinsic Evidence | '637 patent, Abstract; col. 1, lines 19-61; col. 2, lines 12-67; col. 3, line 3 – col. 7, line 12; col. 7, lines 34-39; col. 7, line 59 – col. 8, line 53; col. 11, lines 11-18; Figs. 1-4<br><br>'637 patent file history, Non-Final Rejection, dated February 7, 1995<br><br>'637 patent file history, Applicant's Response to Non-Final Rejection, dated May 8, 1995 | The specification does not disclose sufficient structure. This claim limitation is indefinite.<br><br>Defendants intend to respond to Impulse's assertion that the '637 Patent discloses an algorithm for "correlating said signal indicative of said motion of said user with a level of physiological exertion of said user." Evidence supporting indefiniteness:<br><br>'637 patent, Abstract; 1:2-3; 1:7-17; 1:11-14; 1:20-36; 2:3-2:12; 2:39-41; 2:51-53; 3:3-7:13; 7:44-46; 10:17-21; 10:27-42; 10:39-44; 11:21; claims 18, 19, and 20 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 33-62<br><br>Gussin Rebuttal Decl., ¶¶ 11-24 | Deposition testimony of Edward L. Gussin, July 31, 2012 (including 40:20-41:3, 43:18-44:8, 63:2-65:21, 67:14-68:1, 68:10-70:19, 71:13- |

9

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | Gussin Depo., 36:8-23; 38:25-45:10; 48:21-59:20; 60:10-87:3; 87:17-98:14; 99:3-131:6; 142:10-144:24<br><br>Howe Opening Decl., ¶¶ 8-28<br><br>Howe Rebuttal Decl., ¶¶ 3-11<br><br>Howe Depo., 38:10-94:8<br><br>Blackburn Rebuttal Report, ¶¶ 1-5, 7-16, 19-104<br><br>Blackburn Depo., 14:16-17:16; 76:8-144:12<br><br>Kitchen Rebuttal Report, ¶¶ 2-9, 15-16, 18-66<br><br>Kitchen Depo., 34:7-37:12; 47:5-136:8 | 78:18, 80:8-85:7, 105:1-7; 106:4-108:21,109:7-111:7, 113:3-115:23)<br><br>Rebuttal Report of Gordon Blackburn re: Claim Construction of U.S. Patent No. 5,524,637<br><br>Rebuttal Expert Report of Garry E. Kitchen re: Claim Construction of U.S. Patent No. 5,524,637<br><br>Deposition testimony of Robert D. Howe, August 6, 2012 (including 41:7-42:7, 56:5-57:19, 58:4-20, 59:5-60:9, 61:5-63:3, 69:10-70:10, 74:2-10, 74:18-75:9, 76:15-79:11, 81:5-83:6, 84:4-85:22, 88:4-14)<br><br>Declaration of Robert D. Howe, Ph.D. re: Claim Construction of U.S. Patent No. 5,524,637<br><br>Rebuttal Declaration of Robert D. Howe, Ph.D. re: Claim Construction of U.S. Patent No. 5,524,637<br><br>Ainsworth BE, et al., 2011 Compendium of Physical Activities: A Second Update of Codes and MET Values, Medicine & Science in Sports & Exercise, pp. 1575-1581 (NINTEN0009014-NINTEN0009020)<br><br>Ainsworth BE, et al., Compendium of Physical Activities: An Update of |

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | | Activity Codes and MET Intensities, Medicine and Science in Sports and Exercise, pp. S498-S516 (2000) (NINTEN0008925-NINTEN0008943) |
| | | Ainsworth BE, et al., Compendium of Physical Activities: Classification of Energy Costs of Human Physical Activities, Medicine and Science in Sports and Exercise, pp. 71-80 (1993) (NINTEN0008915-NINTEN0008924) |
| | | American College of Sports Medicine: Guidelines for Exercise Testing and Prescription, Lea & Febiger, Philadelphia, 3rd Edition (1986) (NINTEN0009048-NINTEN0009065) |
| | | American College of Sports Medicine: Guidelines for Graded Exercise Testing and Exercise Prescription, Lea & Febiger, Philadelphia (1975) (NINTEN0009042 NINTEN0009047). |
| | | American College of Sports Medicine: Guidelines for Graded Exercise Testing and Exercise Prescription, Lea & Febiger, Philadelphia, 2nd Edition (1980) (NINTEN0009065.01-NINTEN0009065.10). |
| | | Bransford DR, Howley ET, Oxygen Cost of Running in Trained and Untrained Men |

11

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | | and Women, Med. Sci. Sports, 9(1):41-44 (1977) (NINTEN0009002-NINTEN0009005)<br><br>Chen KY et al., Efficiency of Walking and Stepping: Relationship to Body Fatness, Obesity Research, 12:982-989 (2004) (NINTEN0009006-NINTEN0009013)<br><br>Graves JE et al., Physiological Responses to Walking with Hand Weights, Wrist Weights, and Ankle Weights. Med. Sci, Sports Exerc., 20:256-271 (1988) (NINTEN0009021-NINTEN0009027)<br><br>Lind AR and McNicol GW, Cardiovascular Responses to Holding and Carrying Weights by Hand and by Shoulder Harness. J. Appl. Physiol., 25:261-267 (1968) (NINTEN0009028-NINTEN0009034)<br><br>Martin PE, Rothstein DE and Larish DD, Effects of Age and Physical Activity Status on the Speed-Aerobic Demand Relationship of Walking, J. Appl. Physiol., 73:200-206 (1992) (NINTEN0009035-NINTEN0009041).<br><br>Passmore R and Durnin J., Human Energy Expenditure, Physiol. Rev. 33:801 (1955) (NINTEN0008944-NINTEN0008983).<br><br>Schepens B et al., Mechanical |

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| | | Work and Muscular Efficiency in Walking Children, J. Exp. Biol., 207:587-596 (2004) (NINTEN0008984-NINTEN0008993) Weyand PG, et al., The Mass-Specific Energy Cost of Human Walking is Set by Stature, The Journal of Experimental Biology, 213:3972-3979 (2010) (NINTEN0008994-NINTEN0009001) |

F. **"means for measuring at least one physiological parameter of said user"**

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| means for measuring at least one physiological parameter of said user | Function: measuring at least one physiological parameter of said user<br><br>Structure: a blood pressure sensor or pulse rate detector | Function: measuring at least one physiological parameter of said user<br><br>Structure: an accelerometer, a pressure sensor, a blood pressure sensor, or a pulse rate detector |
| Intrinsic Evidence | '637 patent, Abstract; col. 2, lines 3-11; col. 2, lines 23-36; col. 7, lines 18-64; col. 8, lines 7-9, lines 13- 20, lines 30-31; col. 9, lines 3-11, lines 29-30; Figs. 1-4 | '637 patent, col. 7, lines 41-47 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 46, 63-64<br><br>Howe Opening Decl., ¶¶ 9, 13-14, 19<br><br>Howe Depo., 106:1-6<br><br>Kitchen Rebuttal Report, ¶ 34 | None |

G. **"memory means for recording said level of physiological exertion of said user"**

| Claim Term | Plaintiff's Construction | Defendants' Construction |
|---|---|---|
| memory means for recording said level of physiological exertion of said user | Function: recording said level of physiological exertion of said user<br><br>Structure: software record | Function: recording said level of physiological exertion of said user<br><br>Structure: memory internal to monitor 14 |
| Intrinsic Evidence | '637 patent, Abstract; col. 2, lines 6-11, lines 23-36; col. 7, lines 21-30; col. 8, lines 4-15, lines 30-34; col. 9, lines 3-6, lines 29-33; Figs. 2, 4<br><br>'637 patent file history, Non-Final Rejection, dated February 7, 1995<br><br>'637 patent file history, Applicant's Response to Non-Final Rejection, dated May 8, 1995 | '637 patent, col. 9, lines 3-6; Fig. 2 |
| Extrinsic Evidence | Gussin Opening Decl., ¶¶ 14-19, 28, 33-35, 38-43, 65-66<br><br>Gussin Depo., 138:12-141:24<br><br>Howe Rebuttal Decl., ¶¶ 14-15<br><br>Howe Depo., 108:11-110:21 | Deposition testimony of Edward L. Gussin, July 31, 2012 (including 138:12-141:24)<br><br>Rebuttal Declaration of Robert D. Howe, Ph.D. re: Claim Construction of U.S. Patent No. 5,524,637 |

III. **TERMS WHOSE CONSTRUCTION WOULD BE DISPOSITIVE OR SUBSTANTIALLY CONDUCIVE TO PROMOTING SETTLEMENT**

Defendants believe that resolution of the claim construction disputes for the term "correlation means for correlating said signal indicative of said motion of said user with a level of physiological exertion of said user," in Defendants' favor, is likely to be dispositive of this

14

matter. In addition, under certain circumstances, if the Court were to adopt Defendants' proposed construction for (a) "level of physiological exertion" and/or (b) "receiver means," the construction may be dispositive or conducive to promoting settlement.

Plaintiff believes that resolution of the claim construction disputes for the terms "correlation means for correlating said signal indicative of said motion of said user with a level of physiological exertion of said user," "level of physiological exertion," and/or "receiver means," in Plaintiff's favor may be dispositive or conducive to promoting settlement.

## IV. ANTICIPATED TIME NECESSARY FOR CLAIM CONSTRUCTION HEARING

The Plaintiff anticipates that four (4) hours will be necessary to conduct the claim construction hearing, with this time being divided equally between Plaintiffs and Defendants, so that both Plaintiffs and Defendants are allotted two (2) hours each for argument.

Defendants anticipate that up to six hours will be necessary to conduct the claim construction hearing, with this time being divided equally between Plaintiffs and Defendants, so that both Plaintiffs and Defendants are allotted up to three hours each for argument. The Parties will attempt in good faith to take less than the entire six hours for the hearing.

## V. PROPOSED WITNESSES AT CLAIM CONSTRUCTION HEARING

The Parties have agreed that they will call no witnesses at the Claim Construction Hearing, nor play any video recordings from expert depositions.

As noted above in extrinsic evidence discussions in section II, however, the Parties do intend to rely upon the reports and declarations of the Parties' experts and the deposition transcripts of the experts.

## VI. PRE-HEARING CONFERENCE

The Parties propose adopting the following structure for the claim construction hearing. Each side will make a short opening presentation in which they discuss the technology, the general disclosure of the patent, and provide an overview of the accused products.  The Parties will present argument on a term-by-term basis.  Defendants will endeavor to have a single representative present argument per term, but for certain claim terms their views may not be perfectly aligned.  For those terms, the Defendants may have more than one presentation to ensure that the Court has the benefit of argument on the nuances of those positions, but will of course endeavor not to be duplicative.

Both sides will have computer-based presentation of exhibits and visuals.  Additionally, Defendants will bring a working version of Nintendo's Wii game system to the hearing for the Court's assistance if desired.

The Parties do not believe a pre-hearing conference is necessary, but are available for a telephonic pre-hearing conference if the Court desires.

Dated August 20, 2012                                    Respectfully submitted,


/s/ *Jay R. Campbell*                                    /s/ *Joseph A. Castrodale*
Jay R. Campbell (Ohio Bar No.  0041293)                  Joseph A. Castrodale (Ohio Bar No. 0018494)
Nicholas J. Gingo (Ohio Bar No. 0083684)                 Matthew T. Wholey (Ohio Bar No. 0086550)
RENNER, OTTO, BOISSELLE & SKLAR, LLP                     ULMER &BERNE, LLP
1621 Euclid Avenue, 19th Floor                           1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44115                                    Cleveland, OH 44113-1448
Telephone: (216) 621-1113                                Tel: 216-583-7000
Facsimile:   (216) 621-6165                              Fax: 216-583-7001
jcampbell@rennerotto.com                                 jcastrodale@ulmer.com
ngingo@rennerotto.com                                    mwholey@ulmer.com

Alan M. Grimaldi (admitted pro have vice)                Jerry A. Riedinger, admitted pro hac vice
Brian A. Rosenthal (admitted pro have vice)              (Lead Trial Counsel)
Michael L. Lindinger (admitted pro have vice)            Kaustuv M. Das, admitted pro hac vice
MAYER BROWN LLP                                          Christina J. McCullough, admitted pro hac vice
1999 K Street, N.W.                                      Kyle M. Amborn, admitted pro hac vice
Washington, DC  20006-1101                               PERKINS COIE LLP
Tel:  (202) 263-3000                                     1201 Third Avenue, Suite 4800
Fax:  (202) 263-3300                                     Seattle, WA  98101-3099
agrimaldi@mayerbrown.com                                 Tel: 206-359-8000
brosenthal@mayerbrown.com                                Fax: 206-359-9000
mlindinger@mayerbrown.com                                jriedinger@perkinscoie.com
                                                         kmdas@perkinscoie.com
*Attorneys for Plaintiff/Counter-Claim*                  cmccullough@perkinscoie.com
*Defendant Impulse Technology Ltd.*                      kamborn@perkinscoie.com

                                                         Timothy J. Franks, admitted pro hac vice
                                                         PERKINS COIE LLP
                                                         2901 N. Central Avenue, Suite 2000
                                                         Phoenix, Arizona 85013-2788
                                                         Tel: 602-351-8000
                                                         Fax: 602-648-7000
                                                         tfranks@perkinscoie.com


                                                         *Attorneys for Defendant/Counter-Claim*
                                                         *Plaintiff Nintendo of America, Inc.*

/s/ *Stephen M. Auvil*
Steven M. Auvil (Ohio Bar No. 0063827)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
sauvil@beneschlaw.com

Benjamin J. Fox (admitted pro hac vice)
bfox@mofo.com
Wendy J. Ray (admitted pro hac vice)
wray@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendant Konami Digital Entertainment, Inc.*

/s/ *Steven M. Auvil*
Steven M. Auvil (Ohio Bar No. 0063827)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
sauvil@beneschlaw.com

Terrence J. Truax (admitted pro hac vice)
ttruax@jenner.com
Joseph A. Saltiel (admitted pro hac vice)
jsaltiel@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 840-8706

*Attorneys for Defendant NAMCO BANDAI Games America, Inc.*

/s/ *Steven M. Auvil*
Steven M. Auvil (Ohio Bar No. 0063827)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
sauvil@beneschlaw.com

Edward R. Reines (admitted pro hac vice)
edward.reines@weil.com
Sonal N. Mehta (admitted pro hac vice)
Sonal.mehta@weil.com
Derek C. Walter (admitted pro hac vice)
Derek.walter@weil.com
Timothy C. Saulsbury (admitted pro hac vice)
Timothy.saulsbury@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

*Attorneys for Defendants Electronic Arts Inc, THQ Inc., and Majesco Entertainment Company*

18

/s/ John S. Cipolla
John S. Cipolla (Ohio Bar No. 0043614)
jcipolla@calfee.com
CALFEE, HALTER & GRISWOLD, LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

Eric A. Buresh (*admitted pro hac vice*)
Michelle L. Marriott (*admitted pro hac vice*)
Erise IP, P.A.
5251 West 116th Place
Suite 200
Leawood, KS 66211
(913) 777-5600

*Attorneys for Defendant/Counterclaim Plaintiff Ubisoft, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Kaustuv M. Das*
*Attorneys for Defendant/Counter-Claim Plaintiff*
*Nintendo of America, Inc.*