UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
IMPULSE TECHNOLOGY LTD.,                :    CASE NO. 1:11-CV-2519
                                        :
           Plaintiff,                   :
                                        :
vs.                                     :    ORDER & OPINION
                                        :    [Resolving Docs. Nos. 104, 119 & 124]
NINTENDO OF AMERICA, INC., et al.       :
                                        :
           Defendants.                  :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Nintendo of America, Inc. ("Nintendo") moves this Court to strike portions of Edward Gussin's declaration. [Doc. 104.] Plaintiff Impulse Technology ("Impulse") moves this Court to compel Nintendo's production of confidential non-party document. [Doc. 119.] For the reasons discussed below, this Court **DENIES** Nintendo's motion to strike and **DENIES AS MOOT** Impulse's motion to compel. This Court also **GRANTS** the parties' motion to seal Docs. 106-2 and 106-5. [Doc. 124.]

## I. Nintendo's Motion to Strike

Nintendo asks this Court to strike portions of the declaration of Edward Gussin. Impulse submitted Gussin's declaration in support of its claim construction brief. Nintendo contends that Gussin is qualified to discuss claim terms concerning his specialty, electrical engineering, but not claim terms concerning physiology.

Impulse responds with two main arguments. First, it argues that evidentiary rules that limit the scope of an expert's testimony are specific to those situations in which the testimony is used to prove the existence of a fact. Impulse maintains that because claim construction is a question of law,

-1-

Case No. 1:11-CV-2519
Gwin, J.

Federal Rule of Evidence 702, along with *Daubert* and its progeny, are inapplicable. Second, Impulse argues that if Rule 702 is applicable to Gussin's declaration, then the declaration's content was within his expertise.

It appears that Impulse's first argument is correct. *See Pitney-Bowles, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1308 n.2 (Fed. Cir. 1999) ("[R]ule 702's gatekeeper function, as discussed in *Kumho Tire*, relates solely to the admissibility of evidence—a separate issue to claim construction."). Indeed, the Federal Circuit's discussions of Rule 702 in the context of claim construction seem to relate to the rule's applicability of expert testimony *at trial*. *See, e.g., i4i P'ship v. Microsoft Corp.*, 598 F.3d 831, 853 (Fed. Cir. 2010) ("At trial, the parties hotly disputed the correctness [of the expert's testimony]."); *Micro Chem. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) ("The defendants contend that the district court in this case failed to perform its gatekeeping duties when it allowed Fiorito to testify.").

As Impulse points out, Nintendo cites no supporting precedent for its contention that Rule 702 is applicable to a declaration in support of a claim construction brief. Rather, Nintendo simply states that "[t]he rule is common sense." [Doc. 104 at 2.] This Court disagrees.

## II. Impulse's Motion to Compel

Impulse moves this Court to compel Nintendo to produce "Non-Party Confidential Documents, including, but not limited to, the MPEG-4 Patent License Agreement between Nintendo Co., Ltd. and VIA Technologies, Inc. ("VIA")." Impulse contends that it needs such documents in order to accurately assess its damages. It also asks that any order that this Court grants should extend to other Defendants who refuse to produce third party licenses.

This Court need not reach this issue, because as pointed out in Nintendo's response, VIA has

-3-

Case No. 1:11-CV-2519
Gwin, J.

granted consent and Nintendo has produced the license.  The question is therefore moot.

### III.  Conclusion

For the reasons discussed below, this Court **DENIES** Nintendo's motion to strike [Doc. 104], and **DENIES AS MOOT** Impulse's motion to compel [Doc. 119].  This Court also **GRANTS** the parties' motion to seal Docs. 106-2 and 106-5.  [Doc. 124.]

IT IS SO ORDERED.


Dated:  September 26, 2012                         s/         *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE